UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOUND UNITED, LLC and DEFINITIVE TECHNOLOGY, LLC,<br>　　Plaintiffs,<br><br>v.<br><br>DESIGNER AUDIO VIDEO, HIFI DISCOUNTS, and NATIONWIDE STEREO,<br>　　Defendants. | C.A. No. 21-11082-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                            September 30, 2022

I.  INTRODUCTION

Plaintiff Sound United, LLC and its subsidiary plaintiff Definitive Technology, LLC are home theater and audio/video manufacturers that market and sell products under at least eight trademarks registered with the U.S. Patent and Trademark Office. Plaintiffs allege that defendants Designer Audio Video, HiFi Discounts, and Nationwide Stereo are unauthorized resellers of the plaintiffs' products. Specifically, they allege that defendants sell non-genuine Sound United products that (1) bear plaintiffs' registered trademarks; (2) have had serial numbers removed; (3) are misrepresented as new; and/or (4) misleadingly suggest that they come with a manufacturer warranty.

Plaintiffs allege that defendants engaged in trademark counterfeiting and infringement in violation of §32 of the Lanham Act (15 U.S.C. §1114), unfair competition and false designation of

origin in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)), and unfair competition in violation of Mass. Gen. Laws ch. 93A.

Plaintiffs filed their Complaint in June 2021. See Compl. (Dkt. No. 1). In July 2021, they moved to serve defendants by email because defendants are website operators with unknown identities and physical addresses, see Dkt. No. 5, and the court allowed that motion, see Dkt. No. 6. On August 3, 2021, plaintiffs' counsel filed an affidavit of service and screenshots of the emails sent to defendants. See Dkt. No. 7. No defendant has filed an answer or otherwise responded to the Complaint.

On August 3, 2021, plaintiffs filed a request for default. See Dkt. No. 8. The court allowed the request, see Dkt. No. 9, and issued a notice of default, see Dkt. No. 10. On September 9, 2021, plaintiffs filed a motion for default judgment and permanent injunctive relief. See Dkt. No. 12. Plaintiffs seek to enjoin defendants and any affiliates from infringing their trademarks in the future and seek a total of $3,000,000.00 in statutory damages, $1,000,000.00 per each defendant, for the infringements that have already occurred.

As described below, the court finds that defendants willfully infringed plaintiffs' trademarks. Because defendants have not responded to the Complaint, it is impossible for plaintiffs to accurately assess lost profits or damage to consumer good will.

2

Therefore, statutory damages are the most appropriate remedy. In part because of the need to deter the defendants and others, the court finds that it is just to award plaintiffs $3,000,000.00 in damages and enjoin defendants from infringing plaintiffs' trademarks.

## II. STATUTORY DAMAGES STANDARD

The Lanham Act provides that:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—
>
> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, <u>as the court considers just</u>; or
>
> (2) if the court finds that the use of the counterfeit mark was <u>willful</u>, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, <u>as the court considers just</u>.

15 U.S.C. §1117(c) (emphasis added). A counterfeit mark includes "a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered." 15 U.S.C. §1116(d)(1)(B)(i).

3

Statutory damages are particularly appropriate in default cases because the defendant's lack of participation and fact disclosure creates uncertainty about actual damages. See Sara Lee Corp. v. Bags of N.Y., Inc., 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999). "The Lanham Act provides no guidance as to the determination of statutory damages, leaving the matter to the Court's discretion. . . . In determining the appropriate amount of statutory damages, a district court is 'only limited by what the court considers just.'" CrossFit, Inc. v. Mustapha, 162 F. Supp. 3d 46, 52 (D. Mass. 2016) (quoting Gucci Am., Inc. v. Duty Free Apparel, Ltd., 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004)).

As the Second Circuit has noted, courts often used their broad discretion "to balance the 'punitive, deterrent function' of an award against the direction that it 'not constitute a windfall for prevailing plaintiffs.'" Louis Vuitton Malletier S.A. v. LY USA, Inc., 472 F. App'x 19, 22 (2d Cir. 2012) (quoting Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 157 (E.D.N.Y. 2010)). Courts may consider a number of factors in determining the appropriate amount of statutory damages, including:

> (1) the expenses saved and profits reaped by the defendant; (2) the revenues lost by the plaintiff; (3) the value of the [trademark]; (4) the deterrent effect on infringers other than the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether the defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for deterring the defendant.

4

CrossFit, 162 F. Supp. 3d at 52 (quoting Tiffany (NJ) LLC v. Dong, 2013 WL 4046380, at *5 (S.D.N.Y. 2013)) (alteration in original); see also Yelp Inc. v. Catron, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014) (considering "whether the amount of damages requested bears a plausible relationship to Plaintiff's actual damages") (internal quotation marks and citation omitted). The Second Circuit, however, has held that while losses may be relevant in determining statutory damages, "courts are not required to consider whether the statutory damages award is reasonably related to the proven amount of plaintiff's actual loss." Omega SA v. 375 Canal, LLC, 984 F.3d 244, 258 (2d Cir. 2021) (internal quotation marks and citation omitted); see also EMI Mills Music, Inc. v. Empress Hotel, Inc., 470 F. Supp. 2d 67, 75 (D.P.R. 2006) (noting that courts "routinely" award statutory damages in amounts much larger than the amount a defendant "saved" by violating the Copyright Act).

III. DISCUSSION

Defendants have not participated in this litigation, hindering plaintiffs and the court from calculating actual damages. As a result, the court finds that awarding statutory damages is appropriate in entering the default judgment. See Sara Lee Corp., 36 F. Supp. 2d at 165. The repeated and surreptitious nature of defendants' infringements persuades the court that the violations were willful. This conclusion is bolstered by the fact

that defendants defaulted. See Joe Hand Promotions, Inc. v. Salinetti, 148 F. Supp. 2d 119, 122-23 (D. Mass. 2001). Therefore, the court may award damages of up to $2,000,000.00 per counterfeit mark. See 15 U.S.C. §1117(c).

Due to the lack of discovery from defendants, plaintiffs cannot estimate their lost revenues or defendants' financial gains in infringing the trademarks. However, the award does not have to be reasonably related to plaintiffs' actual loss. See Omega, 984 F.3d at 258. Nevertheless, the court finds that defendants' infringement has led to at least some lost sales and damage to consumer good will.

Here, plaintiffs have not requested the maximum damages possible, and their requested relief would not result in an unjust "windfall." See Louis Vuitton, 472 F. App'x at 22. The court finds that a damages award of $1,000,000.00 against each defendant is just considering the willful nature of defendants' infringement and the need to deter the defendants in this case and others. The equitable relief being sought is also justified in the circumstances of this case.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Damages are awarded against defendants and in favor of plaintiffs in the amount of $1,000,000.00 to be paid by defendant Designer Audio Video, $1,000,000.00 to be paid by defendant HiFi

Discounts, and $1,000,000.00 to be paid by defendant Nationwide Stereo as statutory damages pursuant to the Lanham Act for infringement of plaintiffs' trademarks identified by Reg. No. 2,176,147, Reg. No. 3,533,922, Reg. No. 1,538,024, Reg. No. 1,681,827, Reg. No. 4,756,918, Reg. No. 3,113,681, Reg. No. 1,291,939, and Reg. No. 5,603,710 at the United States Patent and Trademark Office (hereinafter, the "Sound United Marks").

2. Each defendant, their officers, agents, servants, employees, and any persons or entities acting in concert or participation with any defendant, including but not limited to, any online platform utilized by them, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, are ENJOINED from doing any of the following:

    a. using the Sound United Marks or any other of Plaintiffs' intellectual property;

    b. acquiring, or taking any steps to acquire, any Sound United Products;

    c. selling, or taking any steps to sell, any Sound United Products;

    d. engaging in any activity constituting unfair competition with Plaintiffs; and

   e. inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

3. Judgment shall enter for plaintiffs against each defendant.

             /s/ Mark L. Wolf
             UNITED STATES DISTRICT JUDGE

8